## In re Petition for DISCIPLINARY ACTION AGAINST Englebert Chia AKONG, an Attorney at Law of the State of Minnesota.

### No. C9–00–2236.

Supreme Court of Minnesota.

Feb. 1, 2001.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Englebert Chia Akong has committed professional misconduct warranting public discipline, namely, respondent misrepresented to the Board of Immigration Appeals that another attorney had agreed to substitute as attorney for three of respondent's clients by signing that attorney's name to pleadings filed with the court and failed to appear or prepare for another client's INS asylum interview, failed to return the client's phone calls or notify her of his termination of practice, and failed to return her file, in

---

violation of Rules 1.3, 1.4, 1.16, 4.1, and 8.4(c) and (d), Minnesota Rules of Professional Conduct.

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a public reprimand and indefinite probation. If respondent, who currently resides in Cameroon, returns to practice law in Minnesota, he shall not begin to practice until he has notified the Director's Office of his return and a supervisor has signed a consent to supervise his practice. Respondent's indefinite probation shall end upon the completion of two years of supervised probation, which shall commence upon a supervisor's signing a consent to supervise, and shall be subject to the following terms and conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

d. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

e. Within 30 days from the signing of the consent to supervise, respondent shall provide to the Director and to the probation supervisor a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Englebert Chia Akong is publicly reprimanded and placed on indefinite probation pursuant to the agreed-upon terms set forth above. In addition, respondent shall be current with attorney registration fee and Continuing Legal Education requirements before commencing supervised probation. Respondent shall pay $900 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

BY THE COURT:

Alan C. Page
Associate Justice.